IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ILLINOIS NATIONAL INSURANCE CO..

                          Plaintiff,                Case No. 3:09 CV 829

          -vs-
                                                    MEMORANDUM   OPINION
OHIO SECURITY INSURANCE CO.,

                          Defendant.

KATZ, J.

 This matter is now before the Court on competing motions for summary judgment filed by the plaintiff, Illinois National Insurance Company (Doc. 38), and the defendant, Ohio Security Insurance Company (Doc. 37).  Ohio Security's motion will be granted and Illinois National's denied.

**I. Factual Background**

 This case arises out of a fatal accident that occurred on June 22, 2007.  On that date, Terry Moon's 1996 Peterbilt Tractor collided with two motorcyclists on State Route 53 near Tiffin, Ohio, killing them.  At the time of the accident, Moon's tractor, as well as his 2001 Reitnour trailer (which was not attached to the tractor when the accident occurred), were leased to O&I Transport, Inc.  As required by federal regulations, the lease provided that the tractor and trailer were "for the exclusive possession, control, and use of [O&I]," and that O&I would "assume responsibility in respect thereto."  During the period of the lease, Moon's tractor displayed a placard on its doors identifying O&I as the responsible motor carrier, pursuant to federal regulations.

 Moon's tractor was insured under two different liability policies.  One policy, with $1 million coverage, was purchased by O&I from plaintiff Illinois National.  Generally, this policy

was supposed to cover losses incurred by Moon while operating the tractor in the service of O&I. Another policy, also with $1 million in coverage limits, was purchased by Moon from defendant Ohio Security.  This was a "non-trucking" or "bobtail" policy that was supposed to cover losses incurred by Moon when using the tractor on personal business (the phrase "bobtailing" refers to operating a tractor without a trailer attached).

In the week leading up the accident, Moon had been picking up and dropping off loads under dispatch from O&I throughout the Midwest and South.  On the morning of June 22, a Friday, Moon completed a delivery in Parkersburg, West Virginia, and called the O&I dispatcher for another assignment.  The dispatcher told him to come to Marion, Ohio, to pick up a load for Dofasco, Inc. When he arrived at Marion, Dofasco employees placed a load of tubing on Moon's trailer, and Moon strapped it down.  Rather than allowing the tubing to sit outside of Moon's home in New Riegel, Ohio, during the weekend, however, it was decided that Moon would detach his loaded trailer and leave it at Dofasco.  The plan was for Moon to return to Dofasco on Sunday to pick up the load in order to transport it to its Florida destination.

Moon therefore unhooked his trailer and began his return trip home in his tractor, heading north on US-23.  During this trip, Moon decided that he wanted to wash his tractor, and detoured in order to look for truck washes in and around Upper Sandusky, Ohio.  Upper Sandusky would have been a convenient place to stop, because it is near the intersection of US-23 and State Route 53, the road Moon would have taken to get home to New Riegel.  After some searching, however, Moon concluded that there were no truck washes in Upper Sandusky.  He therefore got back on to US-23 and headed homeward on Route 53.  The accident occurred while Moon was driving on Route 53, a few miles south of Tiffin, Ohio.

2

The administrator of the estates of the deceased filed a wrongful death suit against Moon. Illinois National defended the suit, and demanded that Ohio Security cover Moon's defense as well.  Ohio Security, however, declined coverage, citing the following policy exclusions:

> This insurance does not apply to:
> ...
> 2. A covered auto…when being maintained or used (i) at the direction of, under the control of, under orders from, after being dispatched by, or in the business of any trucking company or lessee of such auto ….

Illinois National exhausted the $1 million policy limit in defense and ultimate settlement of the wrongful death suit against Moon.  It now brings this action for a declaratory judgment that Ohio Security is liable for the accident, and for equitable contribution, subrogation, and indemnity under Ohio common law.

## II. Discussion

The essential question to be determined is whether Moon's accident falls within the exceptions contained in the Ohio Security policy, particularly the exemption noted above for use of a covered auto "in the business of any trucking company or lessee of such auto."

The Ohio courts utilize the following test for determining whether a driver is acting  "in the business of a lessee": "[A]n assignment for a lessee does not terminate until the owner-driver returns to the point where the haul originated, to the terminal from which the haul was assigned, or to the driver's home terminal from which he customarily obtained his next assignment." *Cincinnati Ins. Co. v. Haack*, 125 Ohio App.3d 183, 208 (2d Dist. 1997) (citing *St. Paul Fire & Marine Ins. Co. v. Frankart*, 69 Ill.2d 209 (1977)).  In this case, it is not disputed that Moon had not yet returned to his home, or any of the other relevant points cited above, at the time of the accident.  While it is true that Moon was not actually hauling any goods at the time of the

3

accident, the Ohio courts have rejected the view that a driver may be deemed to be acting exclusively for his own benefit merely because he is bobtailing at the time of the accident. See *id* at 208-209.

Nor is it of any relevance that Moon detoured to look for a truck wash prior to the accident.  See *Frankart*, 69 Ill. 2d at 218 (holding that a driver's deviation from most direct homeward route on return trip in order to purchase fuel did not, as a matter of law, mean that the trip was not "in the service" of the lessee").   Moon was traveling on his customary homeward route at the time of the accident, regardless of any earlier detour, and he had informed his dispatcher of his plans to bobtail home prior to the accident.

Therefore, the Court finds that Moon's accident was excluded from the coverage of his Ohio Security policy by the express terms of the policy language. Illinois National is thus not entitled to contribution, subrogation, or indemnity from Ohio Security.

**III. Conclusion**

For the foregoing reasons, Ohio Security's motion for summary judgment (Doc. 37) is granted, and Illinois National's motion for summary judgment (Doc. 38) is denied.

IT IS SO ORDERED.

_ s/ *David A. Katz* _____
DAVID A. KATZ
U. S. DISTRICT JUDGE

4